IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

**SILVER BUCKMAN,**

        **Petitioner,**

v.                                            **Case No. 1:20-cv-00047**

**WARDEN, FPC Alderson,**[1]

        **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

On January 21, 2020, Petitioner Silver Buckman, proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1). This matter is assigned to the Honorable David A. Faber, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The undersigned respectfully **RECOMMENDS** that the presiding District Judge **GRANT** Respondent's request for dismissal, (ECF No 12); **DISMISS** the Petition for a Writ of Habeas Corpus, (ECF No. 1); and **REMOVE** this matter from the docket of the Court.

**I.**    **Relevant History**

On October 29, 2015, Silver Buckman ("Buckman") was found guilty on twelve counts of violating federal fraud statutes, following a 17-day jury trial conducted in the

---

[1] Although Buckman challenges a Bureau of Prisons' policy, the proper respondent in a habeas action is the Warden of the facility at which the inmate is housed. In this case, the Clerk is directed to substitute the Warden of Federal Prison Camp Alderson as Respondent.

1

Eastern District of Pennsylvania. *United States v. Buckman et. al.,* Case No. 2:14-cr-00540-RBS-1, (E.D.PA. Sep. 30, 2014) at ECF No. 180. After the resolution of post-trial motions, Buckman was sentenced to 42-months' imprisonment, with a 5-year term of supervised release, by the United States District Court for the Eastern District of Pennsylvania ("Sentencing Court") on January 9, 2019. *Id.* at ECF No. 325.

Buckman submitted the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on January 21, 2020 while incarcerated in Federal Prison Camp Alderson ("FPC Alderson"), located in Alderson, West Virginia. (ECF No. 1). In her petition, she argues that a provision of the Federal Bureau of Prisons' ("BOP's") Program Statement 5100.08, requiring 18 months of clear conduct ("clear conduct provision") before it will consider inmate requests for transfer to a BOP facility nearer to the inmate's release address ("nearer release transfer"), is impermissible following passage of the First Step Act. (*Id.* at 6). She challenges the clear conduct provision on the basis that the BOP did not adhere to the Administrative Procedure Act's ("APA's") notice and comment procedure when promulgating it. (*Id.*). She also asserts that 18 U.S.C. § 3621(b), which governs the imprisonment of convicted persons, requires "individual consideration and determination in designation and transfer decisions," and that the mandatory 18-month requirement is "contrary to the intent of the statute." (*Id.* at 6–7). Buckman asks the Court to order Respondent to reevaluate her transfer request without consideration of the clear conduct provision. (*Id.* at 7). Buckman attached a memorandum repeating some of the arguments from her petition and further elaborating her position. (ECF No. 1-1). She explains that the Sentencing Court "strongly recommended" that she be designated to the facility closest to her release residence in Cherry Hill, New Jersey. (*Id.* at 1). She contends that the BOP facility nearest to her home is FCI Danbury in Danbury,

2

Connecticut, and that she has pursued administrative remedies seeking a transfer to that facility. (*Id.*). She argues that the December 18, 2018 passage of the First Step Act, which revised § 3621(b), sets the clear conduct provision at odds with Congress's intent, which is to reduce recidivism. (*Id.* at 1–2). She contends that the BOP's policy is an abuse of discretion because it prevents Respondent from properly applying the transfer factors enumerated in § 3621(b). Furthermore, Buckman maintains that the BOP's policy is not entitled to the deference standard derived from *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837 (1984), because Congress's intent was clear and the policy is not reasonable in light of the statute's revealed design. (*Id.* at 2) (internal quotations omitted). Buckman reasserts that she "should have been designated to Danbury, the closest minimum security facility to her residence," and while she acknowledges this Court is without authority to order her transfer, reiterates her prayer that the Court order Respondent to reconsider her transfer request. (*Id.*).

On January 28, 2020, the undersigned ordered Respondent to answer or otherwise respond to Buckman's petition. (ECF No. 7). On March 23, 2020, Respondent filed a response. (ECF No. 12). Respondent contends that the decision to designate Buckman to FPC Alderson is unreviewable, and that the Court is without authority to order Respondent to transfer Buckman to any other facility. (*Id.* at 2–3). Respondent also contends that the clear conduct provision is not subject to the notice and comment requirements of the APA. (*Id.* at 3–4).

Buckman filed her reply to Respondent's arguments on April 3, 2020. (ECF No. 14). In the reply, she agrees that this Court lacks authority to order her transfer, but insists that this Court may review the clear conduct provision for abuse of discretion. (*Id.* at 1). Buckman contends that § 3621(b) is unambiguous, and the BOP's clear conduct

3

provision prevents Respondent from properly considering Buckman's request for transfer. (*Id.* at 2).

The undersigned issued an order on August 25, 2020, directing Respondent to submit a memorandum fully addressing Buckman's argument that the 18-month provision exceeded the BOP's authority under §3621(b). (ECF No. 17). On September 3, 2020, Respondent complied with the Order. (ECF No. 18). According to Respondent, the BOP's policy is not an abuse of discretion because "the categorical exclusion of inmates based on certain criteria is not an abuse of discretion." (*Id.* at 3). As in the original response, Respondent again makes no attempt to clarify how the clear conduct provision relates to the statutory criteria in § 3621(b), stating only that the BOP's decision to employ the policy is "not an abuse of discretion where Petitioner has no cognizable liberty interest in such a transfer." (*Id.* at 3). Respondent also notes that FPC Alderson is within 500 miles of Buckman's release address and, as such, her placement there is in compliance with the Sentencing Court's recommendation. (*Id.*).

Buckman replied to these arguments on September 17, 2020. (ECF No. 19). She posits that her designation to FPC Alderson was improper. (*Id.* at 1). She also argues that the First Step Act renders the fact that she is already designated within 500 miles of home irrelevant to her request for a nearer release transfer, because Respondent is required to consider her request even if she is within 500 miles of her release address. (*Id.* at 2–3). Buckman postulates that assigning her to a facility that is not as near as possible to her release location violates the First Step Act. (*Id.* at 3). She reasons that the legislative history of the Act indicates Congress's intent that Respondent apply all of the listed factors in considering her nearer release transfer request, and this must be done on a case-by-case basis. (*Id.* at 3–4). She asserts that the First Step Act requires Respondent

4

to transfer her to FCI Danbury. (*Id.* at 5). Buckman also reiterates her argument that the clear conduct provision is contrary to statutory intent and is an abuse of discretion. (*Id.* at 5–8). Buckman concludes by again asking the Court to order Respondent to review her transfer request using the factors in § 3621(b), and also seeks "transfer via furlough" to minimize her risk of exposure to COVID-19. (*Id.* at 8–9).

On November 12, 2020, the undersigned issued an order directing Respondent to provide a status update concerning Buckman's nearer release transfer request and to determine if Buckman had achieved 18 months of clear conduct since filing her petition. (ECF No. 20). On November 20, 2020, Buckman submitted a response. (ECF No. 21). She states that she will have accumulated 18 months of clear conduct on November 23, 2020, and that at present, Respondent has placed a "hold" on nearer release transfers due to the risk of COVID-19. (*Id.* at 1). Buckman argues that BOP policy allows her to "furlough to Danbury FPC instead of BOP transport, which would substantially reduce" her risk of contracting COVID-19. (*Id.* at 2). She asks the Court to issue a ruling as to whether the clear conduct provision is an abuse of discretion following passage of the First Step Act, a matter which "is of judicial interest" because "it is a problem among countless inmates." (*Id.*).

On December 1, 2020, Respondent issued its response to the Court's order seeking a status update. (ECF No. 22). Therein, Respondent asserts that the issue of Buckman's achievement of 18 months of clear conduct time is moot because it is not approving transfer requests due to concerns about COVID-19, and states that it will revisit the request once the precautions are lifted. (*Id.* at 3). Buckman submitted an additional response, filed on December 21, 2020, informing the Court that she believes transfers have resumed. (ECF No. 23).

## II.     Standards of Review

Although Respondent does not identify the civil rule under which her request for dismissal is brought, given the stage of the proceedings and nature of the arguments presented, it is best understood as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1). Because Respondent filed a Response concurrently with her request for dismissal, the motion should be considered as one for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). *See Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009). However, the distinction makes no practical difference as the same standard of review applies to motions to dismiss under Rule 12(b)(1) and motions for judgment on the pleadings under Rule 12(c), and both motions may be filed in habeas actions. *Id.* at 138-39; *see also Martin v. U.S. Parole Comm'n*, No. CV PWG-17-3335, 2018 WL 2135009, at *1 (D. Md. May 9, 2018).

When deciding a motion for judgment on the pleadings, the court must accept all well-pleaded allegations of the petition as true and "draw all reasonable factual inferences" in favor of the petitioner. *See Massey v. Ojaniit*, 759 F.3d 343, 353 (4th Cir. 2014); *Wolfe v. Johnson*, 565 F.3d 140, 169 (4th Cir. 2009). Nonetheless, the court is "not obliged to accept allegations that 'represent unwarranted inferences, unreasonable conclusions, or arguments,' or that 'contradict matters properly subject to judicial notice or by exhibit.'" *Massey*, 759 F.3d at 353 (quoting *Blankenship v. Manchin*, 471 F.3d 523, 529 (4th Cir. 2006)). A court presented with a motion for judgment on the pleadings in a federal habeas case must consider "the face of the petition and any attached exhibits." *Walker*, 589 F.3d at 139 (quoting *Wolfe*, 565 F.3d at 169) (internal markings omitted). In addition, the court may consider "matters of public record," including documents from prior or pending court proceedings, when resolving the motion, without converting it into

6

a motion for summary judgment. *Id.* The Court "may also consider documents attached to the complaint ... as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

As to the request for dismissal on the basis of mootness contained in Respondent's second response, a motion under Rule 12(b)(1) challenges a court's subject matter jurisdiction over the pending dispute. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). A Rule 12(b)(1) motion can be presented in two ways. First, the movant may contend that "a complaint simply fails to allege facts upon which subject matter jurisdiction can be based." *Adams*, 697 F.2d at 1219. When presented with this contention, the court assumes that the allegations in the complaint are true and affords the plaintiff the same procedural protection he would receive under Rule 12(b)(6). *Id.* Second, the movant may raise a factual attack against the complaint, alleging that the jurisdictional allegations of the complaint are not true. *Id.* Then, a court "is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991) (citing *Adams*, 697 F.2d at 1219). The burden of proving that a court has subject matter jurisdiction rests with the petitioner, as he is the party asserting it. *Johnson v. N. Carolina*, 905 F. Supp. 2d 712, 719 (W.D.N.C. 2012). However, the court should grant dismissal "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.*

A motion to dismiss under Rule 12(b)(1) is the appropriate avenue by which to raise the issue of mootness, because mootness generally deprives a federal court of jurisdiction

under Article III of the United States Constitution. *See Justice v. Acosta*, No. 2:17-CV-03681, 2018 WL 4291744, at *3 (S.D.W. Va. Sept. 7, 2018); *see also Estate of Peeples v. Barnwell Cty. Hosp.*, No. CIV.A. 1:13-01678, 2014 WL 607586, at *5 (D.S.C. Feb. 18, 2014) (collecting cases). Here, Respondent is bringing a factual challenge to this Court's jurisdiction over Buckman's petition, alleging that subsequent developments have removed the factual basis for jurisdiction. As such, this Court may consider evidence outside the pleadings without converting the motion to one for summary judgment. *See L.K. ex rel. Henderson v. N. Carolina State Bd. of Educ.*, No. 5:08-CV-85-BR, 2011 WL 861181, at *4 (E.D.N.C. Feb. 18, 2011), *report and recommendation adopted*, No. 5:08-CV-00085-BR, 2011 WL 861154 (E.D.N.C. Mar. 9, 2011).

### III. Discussion

Article III of the U.S. Constitution grants federal courts power to adjudicate "cases" and "controversies" in specified subject matter. Outside the bounds of what is considered a case or controversy are disputes in which the legal issue presented is moot, meaning that the parties no longer have a "personal stake in the outcome of the lawsuit." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 478 (1990) (internal quotation marks omitted). Moot questions of law are not justiciable in a federal court; ergo, if a dispute is moot, it cannot be entertained by this Court despite the compelling nature of any legal questions presented. *Camreta v. Greene*, 563 U.S. 692 (2011) (holding that constitutionality of government agency's interrogation of suspected victims of child abuse was moot and not reviewable once the child was no longer subject to the policy). A matter is moot when the individual seeking relief no longer has standing to litigate the claim. *Id.* at 701. The Supreme Court has determined that for a litigant to have standing in a federal court, she must show that she has "suffered an injury in fact" that is caused by "the conduct

8

complained of" and that "will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–561 (1992) (internal quotation marks omitted).

Buckman contends that Respondent's refusal to consider her request for a nearer release transfer based on the BOP's clear conduct provision is erroneous, because the BOP exceeded its statutory authority by continuing the policy even after passage of the First Step Act, and the policy does not comply with the APA. (ECF No. 1 at 6). The statutory language makes clear that Buckman has no right to be designated to any particular facility, but obligates Respondent to consider her request for a nearer release transfer based on a set of enumerated factors in the First Step Act. 18 U.S.C. § 3621(b). However, according to Buckman, since filing her petition she has achieved 18 months of clear conduct. (ECF Nos. 21 at 1). As the clear conduct provision is no longer relevant to Buckman's nearer release transfer request, the issue of its legality in Buckman's case is no longer justiciable in this Court. *Incumaa v. Ozmint*, 507 F.3d 281, 286–87 (4th Cir. 2007) (holding that an inmate's challenge to a prison policy is moot when the inmate "is free of the policy or practice that provoked his lawsuit in the first place").

While mootness ordinarily bars a federal court from exercising jurisdiction, courts may hear a moot claim when the claim is "capable of repetition, yet evading review." *Fed. Election Comm'n v. Wisconsin Right to Life, Inc.*, 551 U.S. 449 (2007) (internal quotation marks omitted). This Court will only find that it has jurisdiction in the "exceptional situation[]," *Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983), in which "(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Spencer v. Kemna*, 523 U.S. 1, 17 (1998) (internal quotation marks and alteration omitted). While the clear conduct provision arguably involves too short a

9

time frame to be fully litigated before the issue becomes moot, it is unnecessary to speculate because this Court cannot reasonably expect Buckman to be subjected to the policy again. In order for the issue to be justiciable, Buckman would have to engage in some prohibited behavior that would reset the clock on her 18 months of clear conduct time. Notably, Buckman reports only one infraction since beginning her sentence at FPC Alderson, (ECF No. 21 at 1), but even if this were not the case, the Court cannot "forecast bad behavior" for the sake of taking jurisdiction over a moot claim. *Incumaa v. Ozmint*, 507 F.3d 281, 289 (4th Cir. 2007) ("We surely cannot base our mootness jurisprudence in this context on the likelihood that an inmate will fail to follow prison rules."); *see also Harrison v. Watts*, 609 F. Supp. 2d 561, 575 (E.D. Va.), *aff'd*, 350 F. App'x 835 (4th Cir. 2009) (holding that claims for declaratory and injunctive relief are moot and not subject to review when the challenged policies no longer apply to the formerly-incarcerated plaintiff).

Furthermore, even if the clear conduct provision were in effect as to Buckman, the issue here would still be moot. Respondent and Buckman both contend that Respondent is not approving transfers between prisons due to the ongoing threat to inmate health and safety posed by the COVID-19 pandemic. (ECF Nos. 21 at 1; 22 at 3). Buckman does not assert, and this Court would not be persuaded, that denying transfer requests in order to limit the facility's exposure to COVID-19 is improper under § 3621(b). Respondent has therefore already "considered" Buckman's nearer release transfer as required by the statute to the extent possible. The relief Buckman requests from this Court—to have her request considered using the factors given by Congress in the First Step Act—has been effectively given to her although her transfer request was not granted.

Buckman contends that this Court should rule on the abuse of discretion issue

10

because the clear conduct provision remains "a problem among countless inmates." (ECF No. 21 at 2). However, this Court is not empowered to deliver general rulings on the permissibility of a given policy for the benefit of parties not before the Court. *Incumaa*, 507 F.3d at 289 (explaining that the Constitution forbids federal courts from "pontificating about abstractions in the law or merely giving advice about the potential legal deficiencies of a law or policy when no ongoing controversy exists with respect to that law or policy"). Buckman does not have standing to litigate her claim even if other inmates may similarly have their nearer release transfer request denied based on the clear conduct policy. Accordingly, the undersigned **FINDS** that Buckman's habeas petition raises a claim for relief that is now moot, and this Court therefore must dismiss the matter for lack of jurisdiction.

### IV.    Proposal and Recommendations

For the aforementioned reasons, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the presiding District Judge **GRANT** Respondent's request for dismissal, (ECF No 12); **DISMISS** the Petition for a Writ of Habeas Corpus, (ECF No. 1); and **REMOVE** this matter from the docket of the Court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed

Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Faber, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the Petitioner and to counsel of record.

**FILED:** January 7, 2021

_____
Cheryl A. Eifert
United States Magistrate Judge